**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter | 13 |
| Karen Sylva-Givens | ) | No. | 10-6222 |
| Debtor. ) | | Hon. | Cox |
| | ) | Trustee | Vaughn |

**NOTICE OF MOTION**

**TO:  SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on the 25th day of June, 2012, at the hour of 9:00 a.m., or as soon thereafter as counsel may be heard, a hearing on the attached **Debtor's Motion to Determine Final Cure and Payment Pursuant to Rule 3002.1** will be heard before The Honorable Judge Cox, U.S. Bankruptcy Judge in Courtroom 680, or the courtroom usually occupied by her in the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, or before any other Bankruptcy Judge sitting in her place instead.

AT WHICH TIME AND PLACE YOU MAY APPEAR IF YOU SEE FIT.

**Law Offices of Daniel J. Winter**
Daniel J. Winter
53 West Jackson Boulevard
Suite 725
Chicago, IL  60604
(312) 427-1613

CERTIFICATE OF SERVICE

I, Daniel J. Winter, an attorney, on oath, certify that I served a copy of the above **Notice**, together with the attached **Motion**, to the parties on the attached service list by placing same in a duly stamped and sealed envelope and depositing same in the United States mail at 53 West Jackson Boulevard, Chicago, Illinois (as indicated on the attached list) this 15th day of June 2012.

/s/ Daniel J. Winter

**SERVICE LIST**

*Via ECF ONLY*

| Tom Vaughn | Patrick Layng |
|---|---|
| Chapter 13 Trustee | Office of the US Trustee Region 11 |
| 55 E Monroe Street, Suite 3850 | 219 S. Dearborn St. Rm 873 |
| Chicago, IL 60603 | Chicago, IL 60604 |

*Via United States Postal Service*

| |
|---|
| **Citimortgage, Inc.** <br> **Attn:  Bankruptcy Department** <br> PO Box 140609 <br> Irving, TX 75019-0609 |
| **Citimortgage, Inc.** <br> PO Box 6941 <br> The Lakes NV 88901-6941 |
| **Karen Sylva-Gives** <br> 1214 E 164th Street <br> South Holland, IL 60473 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter | 13 |
| Karen Sylva-Givens | ) | No. | 10-6222 |
| Debtor. ) | | Hon. | Cox |
| | ) | Trustee | Vaughn |

**DEBTORS' MOTION TO DETERMINE FINAL CURE AND PAYMENT PURSUANT**
**TO RULE 3002.1**

**Karen Sylva-Givens**, ("Debtor"), by and through her attorney, Daniel J. Winter, moves

this Court pursuant to Section 1322(b)(5) of the U.S. Bankruptcy Code ("Code") and Rule

3002.1 of the Federal Rules of Bankruptcy Procedure, for an order determining final cure and

payment regarding the real property located at 1214 E 168th Street, South Holland, Illinois.  In

support of this motion, the Debtor states the following:

1. On February 17, 2010, the Debtor filed the instant voluntary case for reorganization
   under Chapter 13 of the Code.

2. On March 16, 2010, the Section 341 meeting of creditors was held and adjourned.

3. On or around March 29, 2010, Citimortgage, Inc., filed their proof of claim showing
   the arrears owed at $6,943.40.  The Exhibit A accompanying the proof of claim
   showed that the Debtor's monthly mortgage payment at the time of filing was
   $1,661.48.  See Citimortgage proof of claim attached as Exhibit A.

4. On April 26, 2010, this Court confirmed Debtor's Chapter 13 Plan filed on February
   17, 2010, paying 100% dividend to all secured claims, and a 10% dividend to all non-
   priority general unsecured claims.  Specifically, the Plan listed the Citimortgage
   arrears at $12,000.00.  See Debtor's February 17, 2010, plan attached as Exhibit B.

5. On May 2, 2012, the standing Chapter 13 trustee, pursuant to Rule 3002.1 of the

Federal Rules of Bankruptcy Procedure, filed a Notice stating that the arrears amount

listed in Citimortgage's Proof of Claim, in the amount of $6,943.40 has been paid.

See Notice of Payment of Final Mortgage Cure Amount attached as Exhibit C.

6.  On or about May 22, 2012, Citimortgage Inc., filed its Response to Trustee's Notice

of Final Cure Payment, stating that the Debtors have failed to pay post-petition

payments for 3/1/2012, 4/1/2012, and 5/1/2012.  See Citimortgage Response attached

as Exhibit D.

7.  Debtor states that she has, in fact, made all the payments that are due for 3/1/2012,

4/1/2012, and 5/1/2012, and has provided proof of those payments.  See copies of

payments Debtor has mailed attached as Exhibit E.

8.  Further, Debtor states that the amount of mortgage payment that the mortgage

company is claiming is incorrect.  Creditor has not filed or provided counsel with any

Notice of Mortgage Payment Change.  Debtor states that in or around September

2011, she received a notice stating that her escrow account was short by $1,200.00.

She contacted her insurance agent and received a reduction in her premium and

received a refund of $500.00.  She forwarded the $500.00 directly to the mortgage

company stating that these funds are to be applied to the escrow shortage.  This check

was cashed.  She did not receive an acknowledgment of receipt, or a revised escrow

analysis.  See copy of the $500.00 cashed check attached as Exhibit F.

9.  She also states that she has applied for loan modification several times and the

mortgage company advised her to be a month behind so as to qualify for the loan

modification program.  See letter from Citimortgage regarding modification attached

as Exhibit G.

10. The Confirmed Plan, Paragraph B2(b)(5) states that "if the mortgagee … serves a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court … resolving the challenge as a contested matter."

11. Debtor alleges that Citimortgage has not applied her payments correctly and is requesting that a revised escrow analysis and a ledger and accounting of funds that Citimortgage has received.

WHEREFORE, Debtors request that this Court enter

(a)     An Order requiring Citimortgage to provide a revised escrow analysis and a ledger and accounting of funds Citimortgage has received, and the alleged arrears.

(b)     An Order determining the Final Cure amount and Payment pursuant to Rule 3002.1; and,

(c)     For all other relief that is just and proper under the circumstances.

Respectfully Submitted,<br>
**Karen Sylva-Givens, Debtor**<br>
By: /s/ Daniel J. Winter<br>
Her Attorney

Daniel J. Winter, #6208223
**Law Offices of Daniel J. Winter**
53 West Jackson Boulevard
Suite 725
Chicago, IL  60604